IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAWN METCALF, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.: |
| | § | |
| v. | § | _____ |
| | § | |
| TIMBERLINE HOMES, INC., | § | |
| | § | JURY DEMAND |
| Defendant. | § | |

**COMPLAINT**

### I. INTRODUCTION

1. Plaintiff, Dawn Metcalf, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended. Plaintiff is entitled to equitable relief, compensatory damages, liquidated damages, and punitive damages, as well as attorneys fees and costs.

### II. JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the alleged and unlawful employment practices occurred within this district.

### III. PARTIES

4. Plaintiff Dawn Metcalf is a female adult resident of Alabama and former employee of Defendant.

5. Defendant Timberline Homes, Inc. conducts business in Alabama. Defendant is an employer as the term is defined by Title VII of the Civil Rights Act of 1964.

### IV. ADMINISTRATIVE EXHAUSTION

6. Plaintiff timely filed her charge of discrimination based on the Title VII and the Sex with the Equal Employment Opportunity Commission (hereafter "EEOC") within 180 days after the last discriminatory treatment. The Plaintiff further filed her discrimination suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

### V. STATEMENT OF FACTS

7. Plaintiff, Dawn Metcalf (hereinafter "Plaintiff" or "Metcalf"), was employed by Defendant, Timberline Homes, Inc. (hereinafter "Timberline" or "Defendant"), as an Office/Service Manager.

8. Metcalf consistently performed her job duties in a competent and professional manner. Her responsibilities included scheduling service with customers and service technicians, handling closings and paperwork, ordering parts, billing, and other office-related tasks.

9. Metcalf also held hiring and firing authority.

10. On or around April 17, 2024, Metcalf was physically assaulted by Michael Fowler ("Fowler"), a Service Technician employed by Timberline.

11. Immediately following the assault, Metcalf reported the incident to her supervisor, Cheyenne Robinson ("Robinson").

12. Metcalf made it known the assault was the result of her female sex.

13. Shortly after making her complaint to Robinson, Fowler arrived at Metcalf's residence.

14. In response to this alarming conduct, Metcalf informed Robinson of her decision to terminate Fowler's employment.

15. Metcalf also reported the incident to law enforcement.

16. Instead of supporting Metcalf's decision to terminate Fowler, Robinson overruled her and refused to allow Fowler's termination.

17. Instead, Robinson stated that she wanted to reach an "agreement" the following day.

18. The following day, Robinson took steps to conceal Fowler's presence at the workplace by changing Timberline's security camera safety pin, thereby preventing Metcalf from accessing security footage that would have shown Fowler's vehicle on site.

19. Upon learning that Fowler was present at the workplace, Metcalf

messaged Robinson, expressing disbelief that Timberline was forcing her to continue working with someone who had assaulted her and against whom she had filed criminal charges.

20. In response to Metcalf's message, Robinson falsely asserted that Metcalf had resigned from her employment.

21. Metcalf did not resign from her employment.

22. Metcalf subsequently provided Robinson with a copy of the police report documenting Fowler's assault against her.

23. Despite this, Timberline failed to reinstate Metcalf's employment.

24. Timberline does not subject similarly situated male employees to termination under similar circumstances, nor does it strip them of their authority to terminate employees who have engaged in misconduct against them.

25. Defendant's actions constitute unlawful retaliation and sex-based discrimination against Metcalf in violation of federal law.

## VI. CAUSES OF ACTION

### A. TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (DISPARATE TREATMENT)

26. Metcalf incorporates by reference paragraphs 1 – 25 above as if fully set forth herein.

27. Title VII of the Civil Rights Act of 1964 prohibits employers from

discriminating against employees on the basis of sex.

28. Metcalf is a female, and a member of a protected class under Title VII.

29. Defendant treated Plaintiff less favorably than similarly situated male employees when it refused to allow her to terminate an employee who assaulted her, falsely asserting that she resigned, and failing to reinstate her employment.

30. Defendant does not subject its male employees to such conditions in similar circumstances or strip them of their authority to terminate employees who engage in misconduct against them.

31. As a result of Timberline's actions and/or inactions, Metcalf suffered economic losses, including lost wages and benefits, loss of the benefit of continued employment, emotional distress, humiliation, and other damages.

**B. TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(RETALIATION)**

32. Metcalf incorporates by reference paragraphs 1 – 25 above as if fully set forth herein.

33. Title VII of the civil Rights Act of 1964 prohibits employers from retaliating against employees who engage in protected activities, which include reports of sex-based disparate treatment.

34. Metcalf engaged in protected activity when she reported to Timberline that Fowler had assaulted her because of her sex.

35. Timberline retaliated against Metcalf by refusing to allow her to terminate Fowler, falsely asserting that she resigned, and failing to reinstate her employment.

36. Such actions were taken in response to Metcalf's protected activity.

37. Metcalf's termination took place just one day after her complaint.

38. The temporal proximity between Metcalf's complaint and termination create a strong inference of unlawful retaliation.

39. As a result of Timberline's actions and/or inactions, Metcalf suffered losses, including those pertaining to wages and benefits, the benefit of continued employment, as well as emotional distress, mental anguish, and other damages.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court will assume jurisdiction of this action and provide relief as follows:

a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant as applied to the plaintiff are violative of her rights secured by Title VII of the Civil Rights Act of 1964;

b) Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Civil Rights Act of 1964;

c) Enter an order requiring the defendants to make the plaintiff whole by awarding her

compensatory, punitive and/or nominal damages.

d) The plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Dated: March 31, 2025.

/s/ Eric C. Sheffer
Eric C. Sheffer
**Counsel for Plaintiff**

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Eric C. Sheffer
**OF COUNSEL**